IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,<br><br>    **Plaintiff,**<br><br>v.<br><br>JAMI KELLOGG<br><br>    **Defendant.** | Case No. 25-CV-379-JFH-JFJ |

## ORDER AND OPINION

This matter is before the Court on the Motion for Default Judgment and Brief in Support ("Motion for Default Judgment") filed by Plaintiff Allstate Vehicle and Property Insurance Company ("Allstate"). Dkt. No. 15. Plaintiff requests the Court enter default judgment against Defendant Jami Kellogg ("Defendant"). *Id*. Defendant has not entered an appearance or otherwise participated in this case. For the reasons set forth below, the Motion for Default Judgment [Dkt. No. 15] is GRANTED.

## BACKGROUND

Because a clerk's entry of default has been entered, the Court takes the factual allegations of the Complaint [Dkt. No. 2] as true. *See Tripodi v. Welch*, 810 F.3d 761, 765 (10th Cir. 2016) (noting that after default is entered, "a defendant admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts") (internal quotation marks and citation omitted); *United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006)[1] ("The defendant, by his

---

[1] Unpublished appellate opinions are not precedential but are cited for persuasive value. Fed. R. App. P. 32.1.

default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (internal quotation marks and citation omitted).  The Court also accepts as true the undisputed facts alleged in the Motion.  *Malluk v. Berkeley Highlands Prods., LLC*, 611 F. Supp. 3d 1134, 1137 (D. Colo. 2020).

This is a declaratory judgment action brought pursuant to 28 U.S.C. §§ 2201, *et seq*. regarding the respective rights and obligations of the parties under a House & Home Insurance Policy (the "Policy") issued by Allstate to Defendant.  Dkt. No. 2 at 1.  The Policy insured a property located at 441550 Highway 28 in Vinita, Oklahoma (the "Highway 28 Property").  *Id*.  The Policy provided Dwelling Protection Coverage, Other Structures Coverage, Personal Property Protection Coverage, and Additional Living Expense Coverage for up to twenty-four (24) months.  *Id*.

On March 12, 2024, Defendant lived in a mobile home located on the Highway 28 Property.  *Id*.  The mobile home was owned by Charles Crook, III ("Mr. Crook"), who allowed Defendant to live with him in the mobile home.  Dkt. No. 2 at 2.  As Defendant owned personal property that she kept in the mobile home, she completed an Allstate online insurance application on or about February 27, 2025, with the intention of purchasing a renter's policy to cover her personal property in the mobile home.  *Id*.  On the application, however, Defendant mistakenly represented that she "live[d] in the building as: OWNER."  *Id*.  In reliance on the application, Allstate issued the Policy to Defendant effective February 27, 2025.  *Id*.

On March 12, 2025, a fire occurred on the Highway 28 Property destroying the mobile home and the contents inside.  *Id*.  Defendant filed a claim with Allstate on March 13, 2025.  Dkt. No. 2 at 3.  On March 26, 2025, Allstate obtained a recorded statement from Defendant confirming that she did not own the mobile home but that she lived in the mobile home with the owner, Mr.

Crook. *Id*. Defendant stated that she had mistakenly indicated that she was the owner on the application and that it was her intention to apply for a renter's policy insuring her personal property in the mobile home, not a policy insuring the mobile home itself. *Id*.

Pursuant to the terms of the Policy and Oklahoma insurance law, Allstate has determined that Defendant did not have an economic interest in the mobile home and, therefore, is only processing Defendant's personal properly loss claims pursuant to the Personal Property Protection Coverage and the Additional Living Expense Coverage under the Policy. *Id*. Allstate states that it is prepared to return all premiums paid by Defendant for Dwelling Protection Coverage and Other Structures Coverage. Dkt. No. 2 at 4. Accordingly, Allstate seeks a judgment from the Court declaring the rights and obligations of the parties pursuant to the Policy.

## AUTHORITY AND ANALYSIS

"[A] defendant's default does not in itself warrant the court in entering a default judgment." *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Courts "do not favor default judgments because the court's power is used to enter and enforce judgments regardless of the merits of the case, purely as a penalty for delays in filing or other procedural error." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983). "However, a workable system of justice requires that litigants not be free to appear at their pleasure. We therefore must hold parties and their attorneys to a reasonably high standard of diligence in observing the courts' rules of procedure." *Id.*

### I. Jurisdiction

As an initial matter, the Court "has an affirmative duty to look into its jurisdiction both over the subject matter and the parties," as "[d]efects in personal jurisdiction . . . are not waived

by default when a party fails to appear or to respond." *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202-03 (10th Cir. 1986). *See also Dennis Garberg & Assocs., Inc. v. Pack-Tech Intern. Corp.*, 115 F.3d 767, 771-72 (10th Cir. 1997) ("We have noted earlier that judgment by default should not be entered without a determination that the court has jurisdiction over the defendant.").

### A. Subject Matter Jurisdiction

Federal courts have subject matter jurisdiction of all civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). According to the Complaint, the amount in controversy exceeds $75,000 because the Policy coverage limits at issue total approximately $499,942. Dkt. No. 2 at 1-2. Allstate is an Illinois corporation with its principal place of business in the State of Illinois. *Id*. at 1. Defendant is a citizen and resident of the State of Oklahoma. *Id*. The Court is satisfied that subject matter jurisdiction exists.

### B. Personal Jurisdiction

If personal jurisdiction is evaluated by the district court based only on the complaint and affidavits, "a prima facie showing of personal jurisdiction" is sufficient. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008). Two kinds of personal jurisdiction exist: general jurisdiction and specific jurisdiction. General jurisdiction applies in an individual's state of domicile. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). The undisputed facts show that Defendant is a citizen and resident of the State of Oklahoma. Dkt. No. 2 at 1. The Court is satisfied that general jurisdiction exists.

### C. Declaratory Judgment Act

Allstate brings this action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq*. Dkt. No. 2. "The Supreme Court has long made clear that the Declaratory Judgment Act 'gave the

federal courts competence to make a declaration of rights; it did not impose a duty to do so.'" *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982 (10th Cir. 1994) (quoting *Pub. Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962)). In other words, a district court has discretion to withhold its exercise of jurisdiction over declaratory judgment actions. *United States v. City of Las Cruces*, 289 F.3d 1170, 1180 (10th Cir. 2002). "The nature of the relief requested by the plaintiff, not the jurisdictional basis of the suit, is the touchstone." *Id.* at 1181.

Courts weigh five factors when considering whether to exercise jurisdiction in a declaratory action: whether the action would settle the controversy; whether it would serve a useful purpose to clarify the legal relations at issue; whether it is being used for "procedural fencing" or strategically to obtain claim preclusion; whether it would increase friction between state and federal courts or improperly encroach on state jurisdiction; and whether there is an alternative better remedy. *Mhoon*, 31 F.3d at 983; *Las Cruces*, 289 F.3d at 1183.

The first two factors weigh heavily in favor of the Court exercising jurisdiction. "Declaratory judgment actions are particularly appropriate for situations in which insurance companies seek a declaration of their liability. Courts have 'expressly recognized that one of the primary functions of the [Federal Declaratory Judgment] Act is to provide the insuror [sic] such a forum.'" *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Midland Bancor, Inc.*, 854 F. Supp. 782, 789 (D. Kan. 1994) (quoting *Horace Mann Ins. Co. v. Johnson*, 953 F.2d 575, 579 (10th Cir. 1991)). "Courts have repeatedly endorsed district courts' exercise of jurisdiction under the Declaratory Judgment Act to resolve questions regarding insurance coverage." *Id.* (collecting cases). Nothing in the record raises a concern about the latter three factors. The Court therefore exercises its discretion to maintain jurisdiction over the suit.

II.   Rule 55

Once the Court has confirmed its jurisdiction, Federal Rule of Civil Procedure 55 sets out a two-step process for a default judgment.  First, if "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  As set forth previously, Allstate has obtained a clerk's entry of default against Defendant.  Dkt. No. 12.

Next, the plaintiff must apply to the Court for a default judgment.  Fed. R. Civ. P. 55(b)(2). The decision whether to enter a default judgment is within the Court's discretion, but there must be sufficient basis in the pleadings for the judgment entered.  *Olcott*, 327 F.3d at 1124; *Bixler*, 596 F.3d at 762.  This is generally interpreted to mean that the well-pled facts of the complaint, if taken as true, must state a claim for relief.  10A Wright & Miller, Fed. Prac. & Proc. Civ. § 2682 (4th ed.).  "A court may enter a default judgment without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation." *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983).

Here, the Complaint establishes that Defendant did not have an ownership interest in the mobile home on the Highway 28 Property, mistakenly identified herself as "owner" on the online insurance application, and intended only to insure her personal property that was kept inside the mobile home.  Dkt. No. 2 at 2-3.  The Policy provides that Allstate "will not pay for more than an insured person's insurable interest in the property covered, nor more than the amount of coverage afforded by this policy" Dkt. No. 2 at 3.  The Oklahoma Insurance Code provides that an "insurable interest" means "any actual, lawful, and substantial economic interest in the safety or preservation of the subject of the insurance . . . ." *Id*. at 4.  The Policy further provides that Defendant "may not transfer the policy without [Allstate's] written consent" and that no insurance

6

shall exist or provision of the Policy waived unless granted under the Policy or expressly added to the Policy in writing.  *Id*. at 3.  Accordingly, Allstate is processing Defendant's loss pursuant to the Personal Property Protective Coverage and the Additional Living Expense Coverage under the Policy.  *Id*. at 4.  The Complaint further states that Allstate intends to return to Defendant all premiums paid for Dwelling Protection Coverage and Other Structures Coverage under the Policy.  Dkt. No. 2 at 4.

Taking these allegations as true, and considering the facts alleged together with the exhibits to the Complaint and Oklahoma insurance law, the Court finds that the Complaint states a claim for the declaratory relief Allstate requests:  a declaration that pursuant to the terms of the Policy and Oklahoma law, Allstate is not obligated to pay more than an insured person's insurable interest in the property covered, nor more than the amount of coverage afforded by the Policy; a declaration that Defendant did not possess an insurable interest in the mobile home at the time of the fire loss of March 12, 2025; a declaration that Allstate has no obligation to pay Dwelling Protection Coverage to Defendant for the loss of the mobile home; and a declaration that pursuant to the terms of the Policy, the Policy cannot be transferred without Allstate's written consent, and that no terms of the Policy can be waived unless expressly added to the Policy in writing.  Since Allstate does not seek a monetary award and the claim limits are sum certain under the Policy, judgment will be entered without a hearing.

## CONCLUSION

IT IS THEREFORE ORDERED that Allstate's Motion for Default Judgment and Brief in Support [Dkt. No. 15] is GRANTED.  DEFAULT JUDGMENT against Defendant Jami Kellogg as indicated above will be entered.

Dated this 19th day of February 2026.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE